UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TAUMERA MORROW, | ) | Civil Action No.: 4:13-cv-0695-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | **ORDER** |
| CAROLINA UROLOGIC RESEARCH | ) | |
| CENTER, LLC, and STACY HARRELSON | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII) and 42 U.S.C. § 1981, alleging race discrimination, hostile work environment and retaliation. She also asserts state law causes of action for intentional infliction of emotional distress and defamation.[1] Plaintiff originally filed this action in the Court of Common Pleas, Horry County, South Carolina. Defendants removed the action to this court on March 15, 2013. Presently before the court is Defendants' Motion to Strike (Document # 39) portions of Plaintiff's Affidavit submitted in opposition to Defendants' Motion for Summary Judgment. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.

"[S]ummary judgment affidavits cannot be conclusory, or based upon hearsay." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). "In the absence of an affirmative showing of personal knowledge of specific facts, a court cannot consider such an affidavit in making its summary judgment determination." Orange v. Fielding, 517 F.Supp.2d 776,

---

[1] Plaintiff also alleged a state law cause of action for breach of contract, but withdrew that claim in her Response. Pl. Response pp. 32-33.

783 (D.S.C. 2007) (citing <u>Guseh v. N.C. Cent. Univ.</u>, 423 F.Supp.2d 550, 555 (M.D.N.C.2005)). Additionally, "[i]t is well recognized that a plaintiff may not avoid summary judgment by submitting an affidavit that conflicts with earlier deposition testimony." <u>Alba v. Merrill Lynch & Co.</u>, 198 Fed. Appx. 288, 300 (4th Cir.2006); <u>see also</u> <u>Barwick v. Celotex Corp.</u>, 736 F.2d 946, 960 (4th Cir.1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct."). Indeed, "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." <u>Barwick</u>, 736 F.2d at 960 (internal quotation omitted).

Defendants ask the court to strike paragraphs 12, 22, 23, 24, 31, 35, and 38. The court has reviewed these paragraphs as well as Plaintiff's reliance on these averments in her Response in opposition to the Motion for Summary Judgment. With respect to paragraph 38, where Plaintiff avers "[d]uring my employment, Dr. Shore informed me[2] that the only problem with me is that I was black" Pl. Aff. ¶ 38, Plaintiff concedes in her response that this statement can be stricken. Accordingly, this portion of paragraph 38 should be stricken. The remaining portion of paragraph 38, in which Plaintiff states "He further informed me that I was lucky to have a job there because he did not have to hire any black people," is not directly contradictory to Plaintiff's deposition and, thus, should not be stricken. The remaining paragraphs challenged by Defendants are not material to a resolution of the Motion for Summary Judgment.

For the reasons discussed above, Defendants' Motion to Strike (Document # 39) is

---

[2]Defendants argue this directly contradicts her deposition testimony, in which she states that her supervisor told her that Dr. Shore said this about Plaintiff after he interviewed her. Pl. Dep. 47-48.

**GRANTED** with respect to the portion of paragraph 38, in which Plaintiff states, "During my employment, Dr. Shore informed me that the only problem with me is that I was black," and otherwise **DENIED**.

    **IT IS SO ORDERED**.

                                             s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

July 30, 2014
Florence, South Carolina