IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tamuera Morrow, | ) | Civil Action No.: 4:13-cv-695-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolina Urologic Research Center, | ) | |
| LLC and Stacey Harrelson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tamuera Morrow ("Plaintiff"), represented by counsel, filed this action in state court on February 27, 2013 seeking recovery against Defendants Carolina Urologic Research Center, LLC and Stacey Harrelson ("Defendants"). *See* Compl., ECF No. 1-1. Plaintiff was formerly employed at Carolina Urologic Research Center, LLC ("CURC"), and Stacey Harrelson ("Harrelson") was her supervisor. Defendants removed the action from the Horry County Court of Common Pleas to this Court on March 15, 2013. *See* Notice of Removal, ECF No. 1. In her Complaint, Plaintiff asserts claims for race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and 42 U.S.C. § 1981. *See* ECF No. 1-1. Plaintiff also alleges state law claims for intentional infliction of emotional distress and defamation.[1] *See id.*

On January 21, 2014, Defendants filed a motion summary judgment. *See* Def.'s Mot. for Summ. J., ECF No. 25. Plaintiff timely filed a response in opposition on February 17, 2014, *see* ECF No. 36, and Defendants filed a reply on February 21, 2014, *see* Reply, ECF No. 38. The matter is

---

[1] The Complaint also pled a state law claim for breach of contract, but Plaintiff withdrew this claim in her response in opposition to Defendant's motion for summary judgment. *See* Pl.'s Resp., ECF No. 36 at 32–33.

now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[2]  *See* R & R, ECF No. 53.  In the R & R, the Magistrate Judge recommends the Court grant Defendants' Motion for Summary Judgment on all of the federal claims, decline to exercise supplemental jurisdiction over the remaining state law claims, and remand the matter back to state court.  *See id.* at 21.

STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court reviews only for clear error in the absence of a specific objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In this case, Defendants "bear[] the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 845 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If Defendants carry this burden, "the burden then shifts to the non-moving party to come forward with fact sufficient to create a triable issue of fact." *Id.* at 718–19 (citing *Anderson*, 477 U.S. at 247–48).

"Once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat

3

a motion for summary judgment. *See id*; *Doyle v. Sentry, Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va. 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Baber*, 977 F.2d at 875 (citing *Celotex*, 477 U.S. at 324)). Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *DeLeon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989). In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation unless otherwise noted. *See* ECF No. 53 at 1–7. Briefly stated, Plaintiff was employed by CURC from April 14, 2008 to January 28, 2011.[3] *See* Aff. of Tamuera Morrow, ECF No. 36-1 at ¶ 5; Termination Letter, ECF No. 30-9. Plaintiff's title at CURC was clinical research coordinator. *See* Ex. 1 to Pl.'s Dep., ECF No. 26-3.

---

[3] Plaintiff's last day of work was January 26, 2011, as she was placed on administrative leave on that date. *See* Stmt. of Mildred Longieliere, ECF No. 28-3; Email Chain, ECF No. 28-4. As Plaintiff pointed out in her objections, at one point the Magistrate Judge incorrectly stated that Plaintiff's last day of work was January 26, 2006. *See* ECF No. 53 at 4. The Magistrate Judge, however, went on to discusses events that occurred on her last day of work, January 26, 2011, immediately following this oversight. *See id.* The Court notes that this misstatement appears to have been unintentional and, in any event, had no effect on the Magistrate Judge's analysis.

4

During the course of her employment, Plaintiff alleges that she suffered discrimination and harassment, and was treated less favorably than other employees because of her race.  See Pl.'s Mem., ECF No. 36 at 20–24, 29–32.  She also alleges that her termination was in retaliation for reporting harassment.  *See id.* at 24–29.

Plaintiff has specifically objected to portions of the Magistrate Judge's description of the facts.  Rather than repeat the undisputed facts, the Court will adopt the unobjected-to portions of the Magistrate Judge's description of the facts as its own, and will only address the disputed facts herein.  Plaintiff first makes a general objection that the Magistrate Judge did not "present the facts in a light favorable to the Plaintiff."  *See* Pl.'s Objs., ECF No. 54 at 4.  Plaintiff then points out specific examples where she alleges the facts were not presented in a favorable light.  Plaintiff notes that the Magistrate Judge discussed corrective actions Plaintiff received in 2009 and April of 2010, but that she did not receive any other disciplinary measures until January of 2011.  *See* ECF No. 54 at 4.  Plaintiff did go a considerable length of time without receiving any additional disciplinary measures.  However, these corrective actions are relevant, the employer had many other legitimate, non-discriminatory reasons for terminating Plaintiff, as set forth in more detail below.

Plaintiff then notes that the Magistrate Judge stated Michael Asbill and Harrelson testified that "it is extremely inappropriate to interrupt a physician while he is treating a patient," due to the confidential and personal nature of medical treatment, *see* ECF No. 53 at 4, but she argues that this is not what they said in their depositions.  Rather, Asbill only stated that you do not interrupt a physician, *see* Asbill Dep., ECF No. 27-10 at 2; the "extremely inappropriate" language came from Defendants' brief, *see* ECF No. 25-1 at 6.  Plaintiff acknowledges that Harrelson testified that interrupting "is just something that you don't do," Harrelson Dep., ECF No. 27-10 at 3, but Plaintiff

5

argues that neither individual asserted that the confidential nature of treatment was the reason for not interrupting, *see* ECF No. 54 at 4–5. These facts do not appear to have had a bearing on the Magistrate Judge's ultimate conclusions. However, the Court agrees with Plaintiff that the Magistrate Judge's portrayal of Asbill and Harrelson's testimony does appear to have been in error. Accordingly, the Magistrate Judge's description of the facts is modified to reflect the correct testimony.

Plaintiff then asserts that the Magistrate Judge presented the emails Plaintiff sent on her last day of work in a light that was not most favorable to Plaintiff. *See id.* at 5. The Court notes, however, that the Magistrate Judge extensively quoted from these emails and they are a part of the record. *See* ECF No. 53 at 5–6; Email Chain, ECF No. 26-10; Email Chain, ECF No. 28-4. This objection is without merit as the emails speak for themselves. Plaintiff also argues that the Magistrate Judge "fails to address any of the facts that evidence the Plaintiff's causes of action." *See* ECF No. 54 at 5. The Court notes that, upon an independent review of the record, the Magistrate Judge does appear to address all of the *relevant* facts concerning Plaintiff's causes of action. Aside from the items discussed in this Order, Plaintiff points to no specific facts which the Magistrate Judge failed to address. Accordingly, this objection is also without merit. Plaintiff then claims that Defendants contend she conceded the corrective action write-ups were proper, *see id.* at 5, but that Plaintiff specifically testified that she "didn't agree with the write up," *see* Pl. Dep., ECF No. 27-2 at 2. The Magistrate Judge, however, did not address this contention of Defendants in the R & R. Thus, this "objection" is irrelevant, as it does not relate to the R & R.

Finally, Plaintiff asserts that the Court "specifically cites to Defendant's recitation that the Plaintiff was the aggressor in all actions." *See* ECF No. 54 at 5. Plaintiff argues, however, that this

is in "direct contradiction to the other employees and what they testified to." *See id.* Plaintiff asserts that her coworkers, Jennifer Baiden and Jake Lowery, "both testified contrary to that information." *See id.* The Court has reviewed the deposition testimony cited by Plaintiff. Baiden specifically testified that Plaintiff "would try to involve me in her personal problems with Stacey a lot." *See* Baiden Dep., ECF No. 36-5 at 2. Lowery testified that he did not have any personality conflicts with Plaintiff and did not remember Plaintiff being threatening. *See* Lowery Dep., ECF No. 36-10 at 5. He did testify that he witnessed an altercation between Plaintiff and Harrelson, and vaguely remembered Plaintiff getting upset and Harrelson having to "come in and try to rectify the situation." *See id.* at 6. The Court agrees with Plaintiff that this deposition testimony does not necessarily suggest that Plaintiff was the aggressor. In the R & R, however, the Magistrate Judge cited to notes from a CURC staff meeting and Asbill's deposition for the fact that employee interviews revealed Plaintiff was to blame for the tension with Harrelson, and that Harrelson was not the aggressor. *See* Notes and Asbill Dep., ECF No. 30-4. This evidence does support the fact that several employees believed Plaintiff to be the root of the tension at CURC. *See id.* The Court, however, agrees with Plaintiff that it does not go so far as to establish Plaintiff as the "aggressor." These facts do not appear to be relevant to the Magistrate Judge's legal analysis and recommendation. Nevertheless, out of an abundance of caution, the R & R is modified to remove the reference to Plaintiff being the "aggressor."

## DISCUSSION

### I.      R & R and Objections

The Magistrate Judge recommends the Court grant Defendants' Motion for Summary Judgment on Plaintiff's federal claims, decline to exercise supplemental jurisdiction over the

remaining state law claims, and remand the case back to state court.   As previously noted, Plaintiff asserts federal claims for race discrimination, harassment/hostile work environment, and retaliation in violation of Title VII and 42 U.S.C. § 1981.   *See* ECF No. 1-1.   The Magistrate Judge first found that Plaintiff presented sufficient evidence to create an issue of fact as to whether CURC and an affiliated entity, Atlantic Urology Clinics, LLC, constitute a single employer for the purpose of meeting the numerosity requirement under Title VII.[4]   *See* ECF No. 53 at 9.   The Magistrate Judge then determined that Plaintiff failed to present any direct evidence of discrimination, and thus must rely on the framework set forth in *McDonnell Douglass Corp. v. Green*, 411 U.S. 792, 802 (1973).   *See* ECF No. 53 at 12.   He found that Defendants did not challenge whether Plaintiff set forth a *prima facie* case, but met their burden of setting forth a legitimate, non-discriminatory reason for terminating her.   *See id.* at 13.   The Magistrate Judge then determined that Plaintiff failed to show that Defendants' proffered reasons were a mere pretext for discrimination.   *See id.* at 14–15.

The Magistrate Judge next turned to Plaintiff's hostile work environment claim.   The Magistrate Judge recommends the Court grant summary judgment on this claim as well.   In the R & R, he determined that Plaintiff's claim fails because she did not present sufficient evidence to create an issue of fact as to whether the offending conduct was based on her race or was sufficiently severe or pervasive enough to alter the conditions or her employment.   *See id.* at 15–18.   Finally, the Magistrate Judge also recommends the Court grant summary judgment on Plaintiff's retaliation claim.   He determined that Plaintiff's retaliation claim must fail because she had not demonstrated that she engaged in protected activity, and thus she failed to establish a *prima facie* case.   *See id.* at 19–20.   Furthermore, the Magistrate Judge noted that, even if she had established a *prima facie* case,

---

[4] Neither party objected to this determination.   Accordingly, finding no clear error, the Court adopts this analysis as its own and will proceed to reviewing the merits of Plaintiff's claims.

Defendants presented a legitimate, non-retaliatory reason for terminating her and Plaintiff's evidence failed to create an issue of fact as to whether Defendants' reasons were merely pretextual. *See id.*

Therefore, the Magistrate Judge found that each of Plaintiff's federal claims fail, and thus he recommends the Court grant Defendants' motion on these claims. The Magistrate Judge then recommends that, if the Court dismisses the federal claims, it should decline to exercise supplemental jurisdiction, and remand any remaining state law claims. *See id.* at 20–21.

Plaintiff timely filed objections to the R & R.[5]  *See* Pl.'s Objs., ECF No. 54. Plaintiff first objects to the Magistrate Judge's determination that she failed to present any direct evidence of racial discrimination. *See id.* at 6. Plaintiff then takes issue with the Magistrate Judge's finding that she did not suffer disparate treatment, as she argues that she was the only black employee and other, similarly situated white employees were treated more favorably. *See id.* Plaintiff also objects to the Magistrate Judge's finding that her hostile work environment claim fails, citing to evidence which she argues demonstrates such an environment. *See id.* at 6–8. She asserts that she met both the objective and subjective components of a hostile work environment claim. *See id.* at 7–8. Finally, she argues that her retaliation claim should survive summary judgment because Defendants retaliated against her for reporting various issues with the work environment. *See id.* at 9.

## II.    Race Discrimination

Plaintiff asserts in her objections that she presented sufficient evidence of race discrimination to survive summary judgment.  A plaintiff may show a violation of Title VII or Section 1981 through either direct or circumstantial evidence.  The Magistrate Judge found that Plaintiff had not presented direct evidence of race discrimination and thus was proceeding under the *McDonnell Douglas*

---

[5]  Plaintiff's first few objections relate to the Magistrate Judge's description of the factual background.  The Court previously addressed those objections *supra*.

framework. *See* ECF No. 53 at 12. Plaintiff objected, asserting that a remark made by Dr. Neal D. Shore, CURC's medical director, was direct evidence of discrimination. *See* ECF No. 54 at 6. "Evidence is direct if it 'both reflect[s] directly the alleged discriminatory attitude and . . . bear[s] directly on the contested employment decision.'" *Young v. United Parcel Serv., Inc.*, 707 F.3d 437, 446 (4th Cir. 2013) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 520 (4th Cir. 2006)). "Thus, evidence is direct if it establishes discriminatory motive with no need for an inference or a presumption." *Id.* The Court agrees with the Magistrate Judge that Plaintiff's testimony that Harrelson told her that, after her interview, Dr. Shore made a comment that "[t]here's only one problem. She's black," *see* Pl. Dep., ECF No. 38-1, at 2, is not direct evidence of discrimination. This statement had no bearing on the contested employment decision, Plaintiff's termination, and was merely an isolated remark unrelated to the challenged employment practice. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 608 (4th Cir. 1999). This purported statement was made after Plaintiff's initial interview by the very person who made the decision to hire her.[6] *See* Pl. Dep., ECF No. 38-1, at 2; Shore Dep., ECF No. 25-8 at 3. Accordingly, Plaintiff's assertion that this constitutes direct evidence of discrimination is without merit.

When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The McDonnell Douglas framework may be used for race discrimination

---

[6] This statement was made by Dr. Shore immediately after Plaintiff's interview with him and two other individuals, nearly three years prior to Plaintiff's termination. *See* Shore Dep., ECF No. 32-4 at 3. Moreover, Dr. Shore testified that this comment was made in jest, and that the sole purpose "was to get a rise out of" the other two individuals who interviewed Plaintiff. *See id.* He explained that it was "clearly a very exaggerated joke" which was "not meant to have any impact" as he was going to hire Plaintiff. *See id.* He noted that he understood "how someone would not find it funny" but that this "was the nature of [his] humor." *Id.*

claims. *See, e.g., Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) ("[T]he McDonnell Douglas framework, developed for Title VII, has been used to evaluate race discrimination claims . . . ."). Moreover, courts utilize the same test and proof scheme for Title VII and § 1981. *See Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1285–86 (4th Cir. 1985) (applying Title VII burden-shifting proof scheme to actions brought pursuant to § 1981). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of a violation of Title VII, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for its employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason for its employment action, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence "that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

## 1. *Prima Facie* **Case**

As the Magistrate Judge noted, Defendants did not address whether Plaintiff presented sufficient evidence to establish a *prima facie* case of race discrimination. Because Defendants did not challenge whether Plaintiff set forth a *prima facie* case, the Court finds no clear error with the Magistrate Judge proceeding to the next stage of the burden shifting framework.

## 2. **Legitimate, Non-Discriminatory Reason**

The Magistrate Judge recommends the Court find that Defendants met their burden of demonstrating a legitimate, nondiscriminatory reason for terminating Plaintiff. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). Plaintiff has not addressed this

recommendation and, finding no clear error, the Court agrees with the Magistrate Judge that Defendant sufficiently met its burden.

### 3. Pretext

The only remaining issue, therefore, is pretext.   The Magistrate Judge recommends the Court find that Plaintiff failed to show that Defendants' legitimate, non-discriminatory reasons were pretext for discrimination.   *See* ECF No. 53 at 13–15.   Defendants asserted that they terminated Plaintiff because she violated company policy by using her work computer for personal reasons, *see* Pl. Dep. and Exhibits, ECF No. 31-9, at 2–16, interrupted Dr. Shore while he was seeing a patient, *see* Pl. Dep. and Email, ECF No. 27-9 at 2–6, committed acts of insubordination by working unauthorized overtime, *see* Pl. Dep. and Corrective Action, ECF No. 31-8, refused to go home on the afternoon of January 26, 2011 after being ordered to leave, *see id.*, and sent several emails complaining about Harrelson, calling Harrelson a "liar" and "fool," *see* Email Chain, ECF No. 26-10; Email Chain, ECF No. 28-4.

The Magistrate Judge found Plaintiff's argument that these reasons were mere pretext was without merit.   *See* ECF No. 53 at 13–15.   As he explained, Plaintiff failed to provide sufficient evidence that Harrelson's behavior was motivated by racial animus.   *See id.* at 13.   Moreover, Dr. Shore, not Harrelson, made the decision to terminate Plaintiff.   *See id.*   The Magistrate Judge also explained that Plaintiff failed to present sufficient evidence establishing similarly situated employees were treated more favorably.   *See id.* at 13–14.   Plaintiff asserted that Harrelson, a white employee, was treated more favorably than her, but the Magistrate Judge noted Harrelson was Plaintiff's direct supervisor and thus was not "similarly situated."   *See id.* at 14.   The Magistrate Judge further explained that Plaintiff's pretext discussion did not address all of the reasons for her termination, such

12

as interrupting Dr. Shore, working unauthorized overtime, and remaining at work after being told to leave. *See id.* Finally, the Magistrate Judge noted that Dr. Shore made the decision to both hire and fire Plaintiff, meaning there was a powerful inference that he was not motivated by discrimination. *See id.*

In her objections, Plaintiff again argues she was "treated differently than every other employee in the office." *See* ECF No. 54 at 5. She asserts that white employees received more favorable treatment, and "objects to the Court's determination that Plaintiff has presented no information regarding similarly situated individuals. All individuals employed used their computers for personal use." *Id.* at 5–6. She also argues that Dr. Shore's comment, in conjunction with her treatment and termination, is evidence of discrimination. *See id.* at 6.

The Court notes that in order to show pretext, Plaintiff must demonstrate Defendants' explanation is "unworthy of credence." *See Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004). The Court agrees with the Magistrate Judge that Plaintiff has not demonstrated Defendants' reasons are unworthy of credence. Plaintiff still has not made any attempt to show pretext with regard to several of the reasons that Defendants gave for terminating her. Moreover, Plaintiff's generalized assertions that white employees received more favorable treatment is not sufficient to create an issue of fact. In her memorandum opposing summary judgment, Plaintiff asserts that Harrelson engaged in "much more aberrant behavior" but was "not disciplined for her unprofessional and inappropriate behavior." *See* ECF No. 36 at 24–25. As the Magistrate Judge noted, however, Plaintiff's supervisor is not considered a "similarly situated" employee. *See Lloyd v. New Hanover Reg'l Med. Ctr.*, 405 Fed. App'x 703, 705 (4th Cir. 2010) (affirming district Court's determination that Plaintiff failed to "show that she was similarly situated with a comparator who received less severe discipline

13

from the same supervisor for essentially the same conduct"); *Flateau v. S.C. Comm'n for the Blind*, 50 Fed. App'x 653, 655 (4th Cir. 2002) (citing favorably Seventh Circuit case holding that "plaintiff must demonstrate that the same supervisor was involved in comparable situations to demonstrate disparate treatment of similarly situated employees") (citing *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000)).

Furthermore, Plaintiff's objections provide no support for her assertion that "all employees" used their computers for personal use, aside from a claim in her deposition that Harrelson sent personal emails and kept her Facebook page open.  *See* Pl. Aff., ECF No. 36-1 at ¶ 23.  Plaintiff does not provide any evidence indicating that other employees were not punished for their personal use of company computers except a generalized assertion that the computer policy "was not enforced."  *See id.*  Therefore, the Court agrees with the Magistrate Judge that Plaintiff has failed to meet her burden of demonstrating that Defendants' legitimate reasons for terminating her were pretextual.  As the Fourth Circuit has explained, "a self-serving opinion . . . cannot, absent objective corroboration, defeat summary judgment."  *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004).  Accordingly, summary judgment is appropriate on the race discrimination claim.

## III.    Hostile Work Environment

Plaintiff then argues that the Magistrate Judge erred in determining that she failed to establish a hostile work environment claim.  To establish a claim for a racially hostile work environment, Plaintiff must show there is a genuine issue of material fact as to whether the offending conduct was: (1) unwelcome, (2) based on her race, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) imputable to her employer.  *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 420 (4th Cir. 2014) (quoting *EEOC v. Cent. Wholesalers, Inc.*, 573

F.3d 167, 175 (4th Cir. 2009)).  The Magistrate Judge found that Plaintiff failed to establish a genuine issue of material fact as to whether the purported discrimination was based upon race or was sufficiently severe or pervasive.  *See* R & R, ECF No. 53 at 15–18.  The Magistrate Judge noted that, while Plaintiff alleged multiple incidents of harassment by Harrelson, she did not present sufficient evidence demonstrating the harassment was in any way racially motivated.  *See id.* at 15–16.  As the Magistrate Judge explained, the mere fact that Plaintiff was the only black employee does not, standing alone, establish that the purported harassment was based on race.  *See id.* at 16.  The Magistrate Judge also found Plaintiff failed to show that any white employees were treated more favorably.  *See id.* at 17.  Finally, the Magistrate Judge determined that the alleged harassment was not sufficiently severe or pervasive.  *See id.*

In her objections, Plaintiff asserts the Magistrate Judge improperly determined that she had not presented specific incidents of discrimination, as she "specifically addressed different problems with Stacey Harrelson."  *See* ECF No. 54 at 6.  Plaintiff argues Harrelson's actions must be taken in their totality, and argues that a hostile work environment claim may be shown through events occurring over a series of days or perhaps even years.  *See id.* at 7.  She claims Defendants' actions clearly altered the conditions of her employment, and "a reasonable person could have seen the work environment as objectively hostile."  *Id.* at 7–8.  Plaintiff argues that, looking to all the circumstances, Defendant subjected her to a hostile work environment.  *See id.*

The Court notes that Plaintiff's objections are utterly devoid of any explanation of how Harrelson's purported harassment was "based on race."  As the Fourth Circuit has explained, to show that the conduct was "based upon" race, Plaintiff "must show that 'but for' [her] race . . . [she] would not have been the victim of the alleged discrimination." *Gilliam v. S.C. Dep't Of Juvenile*

*Justice*, 474 F.3d 134, 142 (quoting *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998)).   Plaintiff simply has not provided any evidence that Harrelson's purported actions would not have occurred but for Plaintiff being black.   *Cf. Gilliam*, 474 F.3d at 143 (finding plaintiff's allegations that another employee disliked her and made her job more stressful was insufficient to establish a hostile work environment claim "absent some independent evidence of racial animosity").   Even if Harrelson harbored some personal dislike of Plaintiff that "made her job more difficult or stressful," a hostile work environment claim will not survive if there is not "sufficient evidence of racial harassment." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 281 (4th Cir. 2002).   The Court agrees with the Magistrate Judge that Plaintiff has not presented sufficient evidence that the harassment was based on her race.

The Court also agrees with the Magistrate Judge that Plaintiff has not satisfied the "sufficiently severe or pervasive prong."   The Fourth Circuit has explained that "[w]orkplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard."   *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).   Clearly Plaintiff and Harrelson did not get along, but in her objections Plaintiff does not point to any specific incidents which show severe or pervasive harassment based on race.   Rather, she simply argues that the circumstances must be taken as a whole and, when they are, it shows the harassment was severe or pervasive.   The Court finds that the Magistrate Judge properly considered all of Plaintiff's evidence, and considered the totality of Plaintiff's allegations of harassment in reaching his conclusion that it was not sufficiently severe or pervasive.   Accordingly, this objection is without merit.

Therefore, the Court agrees with the Magistrate Judge that summary judgment is appropriate on Plaintiff's claim for hostile work environment.

**IV.     Retaliation**

Finally, Plaintiff argues that the Magistrate Judge erred in determining her retaliation claim should be dismissed.   *See* ECF No. 54 at 9.   In the R & R, the Magistrate Judge found that Plaintiff was proceeding under the *McDonnell Douglas* framework for her retaliation claim.   *See* ECF No. 53 at 18.   Plaintiff did not object to this analysis and the Court finds no clear error.   Appling the *McDonnell Douglas* framework, the Magistrate Judge determined that Plaintiff failed to establish a *prima facie* case of retaliation because she had not shown she engaged in a protected activity.   *See id.* at 20.   Moreover, the Magistrate Judge found that, even if she established a *prima facie* case, she failed to demonstrate that Defendants' legitimate, non-retaliatory reasons for terminating her were merely pretextual.   *See id.*

**1.     *Prima Facie* Case**

In order to establish a *prima facie* case for retaliation under Title VII, a plaintiff must show the following: "(1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action."   *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2011) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001)) (internal quotation marks omitted).

Courts have attempted to reconcile the recent holding of the United States Supreme Court in *University of Texas Southwest Medical Center v. Nassar* with the *McDonnell Douglas* framework. In *Nassar*, the Supreme Court held that in the Title VII retaliation context, a plaintiff must prove a claim "according to traditional principles of but-for causation," meaning she must show "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."   *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2533 (2013).   In

17

other words, a plaintiff must demonstrate that "her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 2534.   In so holding, the Supreme Court rejected the argument that a Title VII retaliation claim could be proven according to the lessened "motivating-factor" causation standard applicable to some status-based Title VII causes of action. *See id.* at 2533-34*; see also Maliik v. Sebelius*, 964 F. Supp. 2d 531, 550 (D. Md. 2013) (discussing *Nassar* and explaining the but-for causation standard "means that the employer would not have taken the adverse employment action against the plaintiff if the employer were not trying to retaliate against the plaintiff for engaging in a protected activity").   In a previous Order, this Court found that *Nassar* requires a plaintiff to establish the third element of her *prima facie* case, the causation element, pursuant to the but-for standard.   *See Askins v. Belissary*, No. 4:12-cv-1856-RBH, 2014 WL 507279, at *5 (D.S.C. Feb. 6, 2014), *aff'd* 564 Fed. App'x 46, 47 (4th Cir. 2014).   However, other courts have applied the *Nassar* "but-for" requirement to the pretext stage.   *See e.g.*, *Ferguson v. Waffle House, Inc.*, __ F. Supp. 2d __, 2014 WL 1870785, at *18 (D.S.C. May 8, 2014) ("In order to show pretext, Plaintiff must show that 'but for' the Defendant's intent to retaliate against him because of his having engaged in protected activity, he would not have been subjected to the employment actions at issue."); *Cason v. S.C. State Ports Auth.*, No. 2:11-cv-2241-RMG, 2014 WL 588065, at *4 (D.S.C. Feb. 14, 2014) ("[I]n contrast to Plaintiffs' prima facie case, *Nassar* does effect the Court's pretext analysis.").

The Magistrate Judge found that Plaintiff failed to show she engaged in any protected activity. As he explained, protected activity consists of "complaints of discrimination based upon 'race, color, religion, sex or national origin.'"   *Landino v. Sapp*, 520 Fed. App'x 195, 198 (4th Cir. 2013) (quoting *Balazs v. Liebenthal*, 32 F.3d 151, 159 (4th Cir. 1994)).   "Making general workplace complaints,

18

[however], is not protected activity." *Albero v. City of Salisbury*, 422 F. Supp. 2d 549, 560 n.43 (D. Md. 2006). The Magistrate Judge found that while Plaintiff made general complaints against Harrelson, she never complained of discrimination based on her race or other protected classification. *See* ECF No. 53 at 19. Plaintiff did assert that in October 2008 she overheard two race-related comments made by her coworkers. *See* Pl. Aff. Ex. 3, ECF No. 36-4 at 1. She stated that she reported these comments to Harrelson in "late summer or fall 2009." Pl.'s Dep., ECF No. 38-1 at 2–3. The Magistrate Judge found, however, Plaintiff had not shown that this complaint was causally connected to her termination, which occurred approximately a year and a half later. As the Magistrate Judge explained, the passage of time tends to negate any inference of a causal connection. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U .S. 268, 273–74 (2001) (noting that temporal proximity must be "very close" to infer causality at *prima facie* stage) (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three month period insufficient to prove causal connection); *Hughes v. Derwinski*, 967 F.2d 1168, 1174–1175 (7th Cir. 1992) (four month period insufficient)).

Plaintiff objects, asserting that the January 26, 2011 complaint about Harrelson was not her only complaint, and noting she made other complaints "regarding the harassment of Stacey Harrelson." *See* ECF No. 54 at 9. Plaintiff argues that she reported to Michael Asbill that she felt like she was being harassed by Harrelson and requested his advice about what to do. *See id.* She asserts Asbill told her she needed to go to Dr. Shore, and that she reported anxiety caused by the work environment to Dr. Shore. *See id.* Plaintiff asserts that he never did anything about it though. *See id.*

Yet again, Plaintiff continues to assert that she was harassed by Harrelson and that she reported the harassment. And yet again the Court must note that mere harassment is insufficient if it

19

was not due to Plaintiff's status as a member of a protected class.   Plaintiff simply has not shown that she ever complained of any discrimination by Harrelson which was based upon Plaintiff's race, color, sex, or national origin.   Therefore, she has failed to demonstrate that she engaged in protected activity.   Moreover, Plaintiff's objections do not even attempt to address the Magistrate Judge's analysis regarding a causal connection.   Therefore, the Court agrees with the Magistrate Judge that she has failed to establish a *prima facie* case.   Applying *Nassar*, Plaintiff certainly has not established that "but for" Defendants' discriminatory motive she would not have been terminated.

### 2.   Legitimate, Non-Retaliatory Reason

The Magistrate Judge then recommends the Court find that, even if Plaintiff set forth a *prima facie* case, Defendants met their burden of demonstrating a legitimate, nondiscriminatory reason for their employment action.   *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010).   Plaintiff has not addressed this recommendation and, finding no clear error, the Court agrees with the Magistrate Judge that Defendants sufficiently met their burden.

### 3.   Pretext

If Defendants articulate a legitimate, non-retaliatory reason for their action, Plaintiff then bears the final burden of proving that the reason given by Defendants was a pretext for unlawful retaliation.   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).   In *Reeves*, the Supreme Court clarified a plaintiff's burden to show pretext once the employer articulates a legitimate reason for its adverse action.   The Court held that a "plaintiff may attempt to establish that he was the victim of intentional discrimination 'by showing that the employer's proffered explanation is unworthy of credence.'"   *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 256).   "The ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's

proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Reeves*, 50 U.S. at 146–47 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)). "Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148.

The Magistrate Judge determined that Plaintiff failed to show that Defendants' legitimate, non-retaliatory reasons for terminating her were pretextual. Plaintiff does not address this determination aside from her general objection to the Magistrate Judge's recommendation that summary judgment be granted on the retaliation claim. After a thorough review of the record, the Court agrees with the Magistrate Judge that Plaintiff has failed to meet her burden of showing pretext. At the pretext stage Plaintiff undoubtedly must show that retaliation was the motivating factor behind her termination. *See Nassar*, 133 S. Ct. 2517, 2533 (Plaintiff must prove a retaliation claim "according to the traditional principles of but-for causation," meaning she must show "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). It is not necessary for the Court to decide whether Defendants' reasons were wise, fair, or even correct, ultimately, so long as it truly was the reason for the decision. *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000). Plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether Defendants' reasons were false or that discrimination was the real reason for her termination.

After review of the evidence, the Court agrees with the Magistrate Judge that Plaintiff's retaliation claim fails.

## V.     State Law Claims

Plaintiff does not object to the Magistrate Judge's recommendation that, in the event the federal claims are dismissed, the Court decline to retain jurisdiction over Plaintiff's state law claims. *See* ECF No. 53 at 20–21.   As the Fourth Circuit has explained, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."   *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).   Finding no clear error with this recommendation, the Court adopts it as its own and declines to retain jurisdiction over the state law claims.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Defendants' Motion for Summary Judgment, Plaintiff's Response in Opposition, Defendants' reply to Plaintiff's response, the R & R, and Plaintiff's objections to the R & R, and Defendants' reply to Plaintiff's objections. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R, as modified.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's Title VII and § 1981 federal law claims.   **IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for international infliction of emotional distress and defamation.   This action is **REMANDED** to the Horry County Court of Common Pleas for further proceedings regarding Plaintiff's remaining causes of action.

**IT IS SO ORDERED.**

                       s/ R. Bryan Harwell
                       R. Bryan Harwell
                       United States District Judge

Florence, South Carolina
September 24, 2014